## MID WEST MOTOR FREIGHT, INC v CARTWRIGHT et

Ohio Appeals, 3rd Dist, Putnam Co

No 272. Decided June 27, 1933

Tangeman & Boesel, Wapakoneta, and F. P. Connaughton, for plaintiff in error.

B. A. Unverferth, Ottawa, for defendant in error John O. Cartwright.

Hughes & Rodgers, for defendant in error Victor H. Miller.

## OPINION

By CROW, PJ.

First considering the assignment of error that the verdict is not sustained by sufficient evidence as·to plaintiff in error Mid West, it is not necessary to set forth more than the substance of the important evidence introduced by plaintiff, which was that he was a guest in an automobile driven by Miller, without control or right of control in the matter of driving, that Miller drove the automobile in such manner as to violate provisions of the statute regulating the speed of an automobile; that at the time of the collision of the automobile with the truck, the latter had no lights thereon as the statute required, and there was no other warning of its presence in the road; and that the proximate cause of the collision and resultant injury and damages to plaintiff, was the concurrence of said negligent acts of Mid West and Miller. It should be here said that the evidence so proving the negligence of plaintiff in error Mid West is of such character as to abundantly sustain plaintiff's claim that Mid West was negligent and that the same was a proximate cause of plaintiff's damages.

At this time it would not be proper to discuss the weight of the evidence as to Miller, because as we have said this proceeding in error has not been submitted as to Miller, save to the extent of his motions.

The assignment of error that the verdict is not sustained by sufficient evidence as to plaintiff in error Mid West must, for the reason already given, be found against plaintiff in error, which is now done, and the judgment in Cartwright's favor against Mid West, is affirmed, at its costs on error as between it and Cartwright.

The motion of Miller to dismiss the petition in error of Mid West so far as it pertains to Miller, is sustainable, because as to Mid West Miller was neither a necessary nor proper party in this proceeding in error, and that motion will be granted.

Notwithstanding Miller was not as to plaintiff in error Mid West, either a necessary or proper party, it does not follow that the pleading in error termed "petition in error" of Cartwright against Miller should be dismissed.

True, the original petition in error was filed by Mid West, and it is further true that Cartwright's pleading in error herein does not mention a filing by plaintiff in error Mid West or by Cartwright, of the transcript of docket and journal entries, the bill of exceptions and other original pleadings and papers. Hence, the act of Cartwright in the matter should be viewed as though he himself had commenced a proceeding in error independently of the proceeding in error which had been instituted by Mid West unless it should be held that until question was raised by Miller, which was not done until May 6, 1933, he was in fact a party herein, seemingly content in that status, and by his said conduct is now estopped from asserting, or has waived the right to assert, Cartwright's claimed failure to comply with the requirements of §12263, GC from which we quote all the portion pertinent herein:

"With his petition in error, the plaintiff in error shall file either a transcript of the final record, or a transcript of the docket or journal entries, with such original papers or transcript thereof as are necessary to exhibit the error complained of."

The bill of exceptions having been duly perfected in the trial court, and it, together with the transcript of docket and journal entries and the original pleadings and papers, being, when Cartwright's pleading in error was filed, in the office of the clerk of courts, which was the only place they could have been properly filed by Cartwright, we can see no reason whatsoever why they should not have been, and therefore were not, available to him in an attack on his part by an original petition in error.

And what substantial difference could it reasonably make to Miller, that there was and would be, done or not done to his legal rights, precisely the same things in the instant case on error, as in one commenced separately by Cartwright?

If the transcript of docket and journal entries and the other matters necessary to be brought on the record in the reviewing court, showed no reversible error as to the judgment in Miller's favor, that would end that branch of this proceeding in error: more plainly stated, Cartwright should not be denied the benefit of the files in the office of the clerk of this court, the only proper place for them, in a proceeding in error commenced by him originally or to which he would be party, his rights to depend of course solely on that record not-

withstanding a possibility that erroneous steps actually taken in the trial court were not brought on the record in this court.

Meeting the point in hand squarely, without discussing saving of costs, fruitlessness of duplication, and the 'like, we hold, in view of the settled law of Ohio that proceedings in error are remedial in their nature and therefore to be construed liberally, and of the very extreme liberality in all cases which have applied the statute, §11363, GC, in the matter of amendments as well applicable to proceedings in error as to steps taken by the trial court, and in obedience to the requirement of §11364, GC, particularly applicable to proceedings in error, "that in every stage of an action, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party," Miller's motion to dismiss Cartwright's pleading in error as to him, and to strike the bill of exceptions from the files, will be overruled, and the so-called petition in error of Cartwright, may if desired by his counsel, be at once amended by interlineation, so as to locate the transcript of docket and journal entries, the bill of exceptions and the other original pleadings and papers.

Deeming it unnecessary to decide whether the doctrine of estoppel or waiver is applicable, we pass over that feature.

Brief of Cartwright on the merits will be filed by July 8, 1933, and other briefs within the periods prescribed by Rule 8 of the Courts of Appeals of Ohio.

KLINGER and GUERNSEY, JJ, concur.